# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable Traylor Russell
County Attorney
Titus County
Mt. Pleasant, Texas

Dear Sir:

Opinion No. O-3085
Re: Consolidation of elementary
school district in rural high
school district with a dis-
trict outside the group for
elementary school purposes
only.

We are in receipt of your letter of January 24,
1941 requesting an opinion by this Department which reads
in part as follows:

"Schools A, B and C are common school dis-
tricts and are wholly within Franklin County.
School D is an independent school district and
is a county line district, lying in Franklin and
Titus Counties. On January 26, 1939, the County
Board of School Trustees of Franklin County grouped
schools A, B and C for high school purposes, as is
provided in Chapter 19A of Title 49, R.C.S. of Tex-
as, 1925, and as a result of this grouping schools
A and B are now elementary schools. The elementary
schools, A and B, for the preceding year have fail-
ed to have an average daily attendance of twenty
pupils and, therefore, they might be abolished as
provided by Art. 2922f. School Districts A and B
are contiguous to school district D.

"The questions are as follows:

"First: Can schools A and B be consolidated
with school D for elementary school purposes?

"Second: In the event schools A and B can
be consolidated with school D for elementary school
purposes, what effect, if any, would this have on

the previously formed rural high school dis-
trict, if any, and what effect would such a
consolidation have on the school funds of schools
A and B?

"Third:  In the event A and B may be con-
solidated with school D can this be done by the
County Board of Trustees without an election or
shall an election be had by the qualified resi-
dent voters of districts A, B and D?

"In connection with the first question I
cite you Art. 2922f, R.C.S., 1925, which portion
of the article applying to this request reads as
follows:

"'The County Board of School Trustees shall
not have the authority to abolish or consolidate
any elementary school district already established
except upon the vote of a majority of the qualified
electors lying in such elementary district; provid-
ed that when any school within any elementary dis-
trict fails to have an average daily attendance
the preceding year of at least twenty pupils it
may be discontinued by the Board of Trustees of
said rural high school district, and said district
may be consolidated by the County Board of School
Trustees with some other district or districts for
elementary school purposes; provided that if there
is more than one white or one colored school in
such elementary school district the board of trust-
ees of the said rural high school districts or an
independent district, as the case may be, may con-
solidate such white or colored schools of the ele-
mentary district; and provided that the board of
trustees of a rural high school district may trans-
fer the pupils of one elementary district to another
within the rural high school district, when the
transfer is made from an elementary district of low-
er classification to one of higher classification;
and provided further that the board of trustees of
a rural high school district may transfer pupils
from an elementary district to any other elementary
district within the rural high school district upon
application of the parents or guardian of the said
pupils.'"

Honorable Traylor Russell, page 3

We also call attention to that part of Article 2922a, Vernon's Texas Civil Statutes, reading as follows:

"Provided that the county school trustees shall have the authority to abolish a rural high school district on a petition signed by a majority of the voters of each elementary district composing the rural high school district and when such district has been abolished the elementary districts shall automatically revert back to their original status, with the exception that in the event there are any outstanding indebtedness against the said rural school district each elementary district shall assume its proportional part of the debts."

It is noted from your statement of facts that the schools A, B, and C were grouped under Article 2922a, Vernon's Texas Civil Statutes, into a rural high school district, and by virtue of the terms of Article 2922b, Vernon's Texas Civil Statutes, each of said districts composing the rural high school district became elementary school districts within the rural high school district family. School District D is entirely separate and has no relationship whatever to the rural high school district or any of its component parts.

There may be some question or conflict as to whether a rural high school district may be dismembered by removing an elementary district, except by dissolution as provided in Article 2922a, quoted above, Elliott Common School District No. 48 vs. County Board of School Trustees, (T.C.A. 1934, writ dismissed) 76 S.W. (2d) 786; Willow Hole Independent School District vs. Smith, (T.C.A. 1938, writ refused), 123 S.W. (2d) 708; but assuming that an elementary school district may be "ungrouped" or "disannexed" from the rural high school district without the rural high school district being dissolved as a whole as provided in Article 2922a, supra, it does not necessarily follow that the action mentioned in your first question would be authorized. In that question you wish to know whether the elementary district may be consolidated with an unrelated district "for elementary school purposes." No statute expressly authorizing this action has come to our attention unless Article 2922f, quoted in your letter of request, may be so construed.

Consolidations are provided for in Articles 2806, Revised Civil Statutes, 1925 and 2742b, Vernon's Texas Civil Statutes, but these statutes contain no express mention of

"elementary districts." When a consolidation under either of these statutes is effected, a new and distinct entity comes into existence and the former districts lose their identity. The new consolidated district is governed by its board of trustees with authority to establish, maintain and control all schools, both high school and grade school, within the limits of the boundaries of the district. Authority is conferred to vote, levy and collect taxes which are uniform over the entire district. It is contemplated that all resident scholastics of the consolidated district shall attend the schools therein unless transferred to another district under the provisions of the applicable transfer statutes.

A rural high school district is a grouping or annexation for high school purposes only, and unless certain conditions exist, elementary schools must be maintained in each of the elementary districts. This is not true of consolidated districts. For certain purposes, in the active operation of the grouped district, the original districts brought within the group retain their identity. The rural high school district is governed by a board of trustees elected from the grouped district as a whole, with authority to levy and collect taxes over such district as a whole, and the elementary schools for each of the underlying districts are governed by the central board of trustees. As pointed out in Chastain vs. Mauldin, 32 S.W. (2d), 235:

"* * * The grouping provided for does not have the effect of abolishing the several districts in the group. * * * It merely groups them for high school purposes and places the grouped board in charge of all the schools in the district, thus abolishing the several district boards. * * * The trustees of the grouped district were invested with the power and charged with the duty of conducting schools and administering all school property and funds of all the districts within the boundaries of the consolidated districts." (The court in speaking of "consolidated districts" had reference to the rural high school grouping.)

The taxes and funds collected over the rural high school district are managed by the rural high school board for the maintenance and support, not only of the central high school for the benefit of all those within the unit but also the various elementary schools within each of the elementary districts. It can readily be seen that an attempt to leave an elementary district grouped with others in the rural high school district for high school purposes, and at the same time consolidate it with another district outside the group for elementary purposes, would neces-

Honorable Traylor Russell, page 5

sarily lead to numerous conflicts in authority between the various governing boards; an overlapping of taxing authority with no means for dividing or segregating the district for tax purposes, confusion in elections and the right to vote, and many other questions which would necessarily arise.

The legislature has not attempted to make any provision for any of these contingencies, nor has it clearly provided that an elementary district may be detached from the rural high school district from the seventh grade down and consolidated with an adjoining district outside the group.

It is our opinion that the reasonable and proper construction of Article 2922f, Vernon's Texas Civil Statutes, should be that the county board of school trustees may, when the conditions therein provided exist, consolidate or combine an elementary district with another elementary district within the high school group for elementary school purposes, but may not consolidate such elementary school district for elementary school purposes only with another district outside the Rural High School District. Your first question is therefore answered in the negative and it becomes unnecessary to answer your second and third questions.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

CCC:js

APPROVED FEB 7, 1941

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN